IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ORBAN JACKSON and RUTH JACKSON, individually and as co-personal representatives of the Estate of Orban "Calvin" Jackson, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>TRINITY UNIVERSAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CV 10-05-H-DWM<br><br><br><br><br>ORDER |

## I. Introduction

Plaintiffs Orban and Ruth Jackson, individually and as co-personal representatives of the estate of their son Orban "Calvin" Jackson (the "Jacksons") brought this action seeking underinsured motorist benefits from an automobile

insurance policy issued by Defendant Trinity Universal Insurance Company ("Trinity"). Trinity denied such benefits claiming the accident in question did not involve an underinsured motor vehicle as defined in the policy. The Jacksons move for partial summary judgment on the issue of whether the vehicle qualifies as an underinsured motor vehicle. At the same time, Trinity moves for summary judgment in its favor on the same issue. For the reasons that follow, the Jacksons' motion is denied and Trinity's motion is granted.

## II.  Background

The material facts in this case are not in dispute. On August 28, 2009, Calvin Orban Jackson ("Orban") was traveling as a passenger in his 2005 Ford F-350. Def.'s SOF ¶ 1. Nathan Oswald was driving the vehicle and lost control. Id. ¶¶ 4, 5. The vehicle left the road, rolled over and Orban died from resulting injuries. Id. ¶ 5. Farmers Alliance Mutual Insurance Company paid the Jacksons $25,000, the limit under its policy, on behalf of Oswald. Id.

Orban's parents were the named insureds under a policy issued by Trinity, and Calvin was a listed driver under the policy. Id. ¶¶ 7, 8. As relevant here, the policy provided bodily injury liability up to $100,000, and provided underinsured motorist coverage up to $100,000 for each person and $300,000 per accident for bodily injury sustained by an insured and caused by accident. Id. ¶¶ 9, 13. The

policy states that Trinity:

> will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of bodily injury:
>
>  1.   Sustained by an "insured"; and
>
>  2.   Caused by an accident.

Id. ¶ 13.  The policy goes on to define "underinsured motor vehicle" as:

> a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

Id.  "However, 'underinsured motor vehicle' does not include any vehicle . . . [o]wned by or furnished or available for the regular use of . . . any 'family member'."  Id.

Trinity paid the Jacksons the $100,000 liability limits contained in its policy.  The Jacksons sought additional payment of underinsured motorist benefits under their policy.  That coverage was denied, resulting in this action.

### III.  Legal Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An adverse party may not rely on mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). If there is no genuine issue of material fact, the court must determine whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### IV.  Analysis

The Trinity policy language is unambiguous: a vehicle owned by a family member is not an underinsured motor vehicle. It is undisputed that the Ford F-350 was owned by a family member, and this means the Jacksons are barred from collecting underinsured motor benefits. The question presented here is whether Trinity can deny payment of underinsured motorist coverage based on this exclusion. The Montana Supreme Court answered the exact issue, and found the exclusion to be valid and enforceable.

In Monroe v. Cogswell Agency, an insurer denied underinsured motorist coverage based on policy language excluding "any vehicle or equipment . . . [o]wned by or furnished for the regular use of you or any family member" from qualifying as an underinsured vehicle. 234 P.3d 79, ¶ 13 (Mont. 2010) (internal quotations excluded) (alteration in original). The court found the policy exclusion

was unambiguous and that it excluded plaintiffs from collecting underinsured motorist benefits for single car crashes involving only the insured's vehicle. Id. ¶ 17. The court then considered whether such an exclusion violates public policy. It determined the exclusion does not create illusory coverage because the underinsured motorist coverage is still available in accidents that involve "another vehicle that is not owned by the insured." Id. ¶ 19. The court also concluded that upholding the exclusionary language supports public policy because to invalidate it would "convert underinsured motorist coverage into liability coverage and permit policyholders to substitute inexpensive underinsured motorist coverage for more expensive liability coverage." Id. at ¶ 20 (quoting Stutzman v. Safeco Ins. Co. of Am., 945 P.2d 32, 37 (Mont. 1997)).

In this case, the underinsured motor vehicle exclusion is substantively identical to the one in Monroe. The F-350 is excluded by the clear terms of the policy. It is also clear that enforcing the exclusion does not violate public policy. Accordingly, Trinity is entitled to summary judgment in this matter.

The Jacksons do not dispute that Monroe is on point.[1] Instead, they try to stave off the decision's impact by arguing the validity of excluding owned and

---

[1] They do argue that the case has not been released for publication and as such it is not ripe to cite as precedent. The argument is moot considering the case has been published. See Monroe, 356 Mont. 417, 234 P.3d 73.

family vehicles as underinsured vehicles remains "clouded and confusing," and requests the Court "certify to the Montana Supreme Court" this issue to address the confusion. Pl.s' Reply 1, 5.

The supposed confusion is based on the Jacksons' argument that Monroe inexplicably fails to justify its holding with Bennett v. State Farm Mut. Auto. Ins. Co., 862 P.2d 1146, 1148 (Mont. 1993), and Hardy v. Progressive Specialty Ins. Co., 67 P.3d 892 (Mont. 2003), which recognize that "an insurer may not place in an insurance policy a provision that defeats coverage for which the insurer has received valuable consideration." Bennett, 862 P.2d at 1148. Thus, they contend it is unclear what controls: Monroe's finding that the exclusion is enforceable or the Montana Supreme Court's prior and still valid recognition that an insurer must provide coverage for which an insured has paid consideration.

The argument is faulty for at least two reasons. First, Bennett and Hardy addressed the validity of anti-stacking provisions. Bennett, 862 P.2d at 1149 ("An 'other insurance' clause that prohibits stacking of underinsured motorist coverage provided by separate policies from the same insurer is void as against Montana public policy."); Hardy, 67 P.3d at ¶¶ 3-5 (considering the validity of provisions which offset underinsured motorist coverage with the amount of recovery from the tortfeasor and whether not stacking the coverage violated public policy). Neither

case addressed the validity of an owned vehicle exclusion as did <u>Monroe</u>.  More fundamentally, <u>Monroe</u> does not disturb the finding in those cases that "an insurer may not place in an insurance policy a provision that defeats coverage for which the insurer has received valuable consideration."  In <u>Hardy</u>, the court was dealing with a policy where "in nearly all conceivable situations [the insurer's] promise to pay [underinsured motorist] coverage [would] not be honored."  <u>Hardy</u>, 67 P.3d at ¶ 28.  That proposition is not the case considering the exclusion in <u>Monroe</u>, where the court found the exclusion for underinsured motorist coverage would not create illusory coverage because the exception only precludes coverage in one instance: "when the accident only involves the insured's own vehicle."  <u>Monroe</u>, 234 P.3d at ¶ 19.

There is no need to certify the issue to the Montana Supreme Court. <u>Monroe</u> answers the question about the validity of the exclusion in this case, finding it enforceable and in compliance with Montana's public policy.

### V. Conclusion

For the foregoing reasons,

Jacksons' Motion for Summary Judgment (dkt #11) is DENIED;

Trinity's Motion for Summary Judgment (dkt #16) is GRANTED.

The Clerk of Court is directed to close this case and enter judgment in

Trinity Universal Insurance Company's favor.

Dated this 15th day of September, 2010.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT